Stephen A. Bernheim  
Attorney at Law  
512 Bell Street  
Edmonds, WA 98020-3147  
(425)712-8318

Honorable Samuel J. Steiner  
Chapter 7

UNITED STATES BANKRUPTCY COURT  
WESTERN DISTRICT OF WASHINGTON  
AT SEATTLE

| | |
|---|---|
| In Re: | NO. 09-14355-SJS |
| PORTIA G. CARTER | |
| Debtor. | |
| JPMORGAN CHASE BANK, N.A., | ADV NO. |
| Plaintiff, | COMPLAINT TO DETERMINE DISCHARGABILITY OF A DEBT |
| v. | |
| PORTIA G. CARTER, | |
| Defendant. | |

JPMorgan Chase Bank, N.A. ("Chase"), Plaintiff, and creditor of the above-named Debtor, Portia Carter ("Carter") in a sum in excess of $75,000 alleges:

1. Debtor Carter has engaged in a pattern of fraud and deceit that mandates dismissal of her bankruptcy petition without discharge of her debt to Chase.

COMPLAINT TO DETERMINE DISCHARGABILITY OF A DEBT

-1-

STEPHEN A. BERNHEIM  
ATTORNEY AT LAW  
512 Bell Street  
Edmonds, Washington 98020  
(425) 712-8318  
Fax (425) 712-8418  
e-mail:steve@stevebernheim.com

## JURISDICTION

2. This is an adversary proceeding in the debtor's Case No. 09-14355-SJS under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

3. Pursuant to 11 U.S.C. §§ 727(a)(2)(B), 727(a)(4), and 727(a)(5), Carter is indebted to Chase and the debt is not dischargeable.

## PARTIES

4. Plaintiff Chase is, and was at all times relevant herein, a National Association having its principal office in Columbus, State of Ohio.

5. Defendant Carter is an individual who at all times relevant herein has been a resident of the City of Seattle, State of Washington.

## ALLEGATIONS

6. The contract which forms the basis of Chase's claim is an agreement to loan funds for the purchase of an automobile ("the Agreement").

7. Pursuant to the Agreement, Chase financed Carter's purchase of a Mercedes-Benz automobile (the "Vehicle") and retained a security interest therein.

8. On May 5, 2009, Carter filed her Chapter 13 Bankruptcy Case and listed Chase as a secured creditor, and Chase has filed a proof of claim in connection with the Vehicle.

9. On April 24, 2010, while the bankruptcy was pending, Carter signed a power of attorney granting Ira Davis authority to enter into financial transactions on her behalf. As a result of the alleged conduct, Carter knowingly and fraudulently, gave or received money or promises of advantage and committed further acts rendering her debt to Chase ineligible for discharge, as more fully alleged below.

10. On May 5, 2010, Ira Davis signed Debtor's name on the back of the Vehicle's

COMPLAINT TO DETERMINE DISCHARGABILITY OF A DEBT

-2-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

title, transferring ownership of the Vehicle to himself. As a result of the alleged conduct, Carter, with the intent to defraud Chase, transferred property of the estate after the date of filing her petition.

11. On May 5, 2010, Ira Davis applied for title to the Vehicle through the Washington DMV by filing an Affidavit in Lieu of Title with a document entitled "Release of Lien on Property".

12. Ira Davis signed said release, purporting to be an agent of Chase consenting to the release of its lien on the title.

13. As a result of the above-described conduct, Chase's lien was released from the title.

14. On December 20, 2010, Debtor's bankruptcy case was converted from a Chapter 13 to a Chapter 7.

15. In the course of the conversion of her case, Carter filed updated schedules, and swore under penalty of perjury they were true and correct, listing Chase as an unsecured creditor.

16. Debtor represents in her statement of financial affairs submitted in the course of her Chapter 7 case that the Vehicle had been voluntary repossessed. As a result of the alleged conduct, Carter knowingly and fraudulently made a false oath, presented a false claim, withheld information relating to her affairs, and failed to explain satisfactorily any loss of assets to meet her liabilities.

17. Carter's failure to identify her power of attorney or that the Vehicle was transferred as a result of her power of attorney is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

18. Carter has knowingly and fraudulently failed to disclose her power of attorney to her son, and his transfer of the vehicle to himself, and her report that Chase was an unsecured creditor subsequent to voluntary repossession of the vehicle was undertaken with

COMPLAINT TO DETERMINE
DISCHARGABILITY OF A
DEBT

-3-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

the intent to mislead creditors and the trustee as to the debtor's true financial condition, and with reckless disregard for the truth with regard to a matter material to the case.

**FIRST CLAIM FOR RELIEF**

(For a Determination That Carter's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(B))

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(2)(B) should not grant debtor a discharge.

**SECOND CLAIM FOR RELIEF**

(For a Determination That Carter's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(4))

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(4)(A) should not grant debtor a discharge.

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(4)(B) should not grant debtor a discharge.

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(2)(C) should not grant debtor a discharge.

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(2)(D) should not grant debtor

COMPLAINT TO DETERMINE DISCHARGABILITY OF A DEBT

-4-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

a discharge.

## THIRD CLAIM FOR RELIEF

(For a Determination That Carter's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(5))

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein, and further by virtue of Carter's conduct therein alleged, the Court pursuant to 11 U.S.C. Section 727(a)(5) should not grant debtor a discharge.

WHEREFORE, Chase prays for the entry of judgment against Carter as follows:

1. That the Court determine that Carter's debt to Chase is nondischargeable as a result of Carter's concealment or transfer of property of the estate, with intent to defraud Chase, after the date of filing of the petition;

2. That the Court determine that Carter's debt to Chase is nondischargeable as a result of Carter's knowing and fraudulent false oaths, false claims, receipt or offer of advantage or money, and concealment of information;

3. That the Court determine that Carter's debt to Chase is nondischargeable as a result of Carter's unsatisfactory explanation of loss of assets;

4. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

5. For costs of suit herein incurred; and

6. For such other and further relief as this Court deems just and proper.

DATED this 15th day of March, 2011.

/s/ Stephen A. Bernheim
Stephen A. Bernheim, WSBA #15225
Attorney for JPMorgan Chase Bank, N.A.

COMPLAINT TO DETERMINE DISCHARGABILITY OF A DEBT

-5-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com