

Chase Auto Finance
PO Box 31167
Tampa, FL 33631-3167

12/7/2010



23   00000023 ICA5 0001 34110 - 4067930001
Portia G Carter
1102 24th Ave S
Seattle, WA 98144-3037

## NOTICE OF OUR PLAN TO SELL PROPERTY

Secured Party: JPMorgan Chase Bank, N.A.
Account No.:  10614414491809
VIN:          WDBSK75F23F011087
Contract Date: 05/23/2006

Dear Portia G Carter:

We have your 2003, Merced, S1500r (the "Vehicle"), because you broke promises in our agreement.

We will sell the Vehicle at private sale sometime after 12/18/2010.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at the telephone number provided below.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number provided below and request a written explanation.

If you need more information about your right to redeem the Vehicle, the amount needed to redeem the Vehicle, or the sale of the Vehicle, call us at the telephone number provided below.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement: .

The purpose of this letter is to assist us in collecting a consumer debt and any information obtained will be used for that purpose. Your immediate attention to this matter is anticipated.

Sincerely,

Redemption Department
(888)-895-1728

CM6202 - Standard

# WRITTEN REQUEST

Portia Carter
1102-24th So.
Seattle, WA.
98144

December 10, 2010

Chase Auto Finance
P.O. Box 31167
Tampa, FL 33631-3167

Re: JPMorgan Chase Bank N/A
Acct No. 1061414491809
VIN: WDBSK75F23F0110517
Contract Date 5/23/2006 ("Vehicle")

Please provide the following documents for 2003 Merced, SL500 (the "Vehicle")

1. Exact amount I must pay to retrieve the "Vehicle"

2. Written explanation on how you ~~for~~ determined the amount I owe for the "Vehicle"

3. Names, address, phone numbers of other people who have interest in the vehicle, and the amount owe by the individuals under my agreement all interest amounts to individual

WRITTEN REQUEST

4. Date of Private Sale Chase Auto
5. Amount the "Vehicle" Finance
   is sold for & value of "Vehicle"
6. The name address, phone #
   of the buyer of "the Vehicle"
   & Date Obtain
7. All cost and expenses
   you incurred for the "Vehicle"

8. The Amount of all proceeds
   received from the "Vehicle"
   Sale

9. The Name, address, Telephone
   dollar amounts of all money paid to
   someone else other
   than myself for the sale
   of the Vehicle

10. Original agreement of
    the contract dated 5/23/06
    with all signatures of people of interest
11. Names, address phone # of
    other people who you
    sent a notice to / who have
    interest in "Vehicle"

12. Decription of "Vehicle" "color", "dimension" Size, Make Model city, state, of origination

13. current city, state, County the "Vehicle" ~~order~~ is ~~sold~~ and previous city county states of "vehicle" ownership and sale dates all TRANSFERS of ownership.

14. Please send all documents addressing the above statement for written request 1-13 TO:

Portia G. CARTER
1102-24th AVE South
Seattle, WA
98144-3037

Sincerely
Portia A Carter

attach: Chase Finance letter 12/7/

Chase Auto Finance
PO Box 901076
Ft Worth, TX 76101-2076

# CHASE 〇

Portia G Carter
1102 24th Ave S
Seattle, WA 98144

December 28, 2010

Re: Account Ending In 1809

Dear Portia G Carter:

We are in receipt of your correspondence related to the above referenced account ending in 1809.

Please be advised that further research and review is required in order for us to provide you with an accurate and thorough response. Our response should be mailed to you within seven calendar days.

If you have any questions regarding this information, please contact our Executive Office at 1-866-401-9739.

Sincerely,

Jeannette Barrett
Executive Specialist
Chase Auto Finance Executive Office



January 7, 2011

Portia Carter
1102 24th Ave. South
Seattle, WA 98144

Re: Account Ending In 1809

Dear Ms. Carter:

This letter is in response to your inquiry dated December 10, 2010 concerning the above referenced account ending in 1809. Although I regret the circumstances that have prompted you to contact us, I appreciate the opportunity to be of assistance.

In your letter you have requested an explanation on how Chase determined the amount due on your loan. A copy of your payment history is enclosed. Please note, no payments were made after February 29, 2008; additional fees and costs were added after that date.

Your vehicle was judicially seized on November 4, 2010 through a writ of replevin due to non-payment and judgment obtained by the bank in this matter. The amount to redeem your vehicle prior to sale was $87,590.60. Of that amount $67,078.48 was principle and $17,959.18 in accrued interest with all other amounts due being legal fees and costs.

This vehicle was sold on December 20, 2010 for $16,400.00 and can not be redeemed. The deficiency balance has been included in your bankruptcy.

You have also requested specific names, locations and phone numbers for third parties involved with the sale of the vehicle. Our privacy policy prohibits the release of third party information without authorization from those parties. Since we do not have this authorization, we are unable to release that information.

Additionally, you have also requested a copy of the contract and a description of the vehicle. Enclosed is a copy of the original agreement for your review. This will address your inquiries concerning the vehicle.

Thank you for bringing your concerns to our attention. We hope your questions and concerns have been answered, as we believe that a full review of these concerns has been conducted. We regret if our conclusions are not in agreement with the outcome that you anticipated.

If you would like to discuss the above matter further, please call Andy Sulfsted at 1-602-221-3835. If you need assistance on an additional matter related to your account, please call me directly at 1-800-643-1599, extension 3748.

Sincerely,

*Linda Smith*

Linda Smith
Executive Specialist
Chase Auto Finance Executive Office

cc: Annemarie DeTommaso, Vice President

JPMorgan Chase Bank, N.A. · Chase Auto Finance · Executive Office · NY2-S502, 900 Stewart Avenue, Garden City, NY 11530

ARTER, PORTIA G                    106 144 14 4918 09

| Eff. Date  | Post Date  | Amount      | Code  | Description     | Principal   | Interest    | Balance     |
|------------|------------|-------------|-------|-----------------|-------------|-------------|-------------|
| 07/06/2006 | 07/06/2006 | $15.00      | 07011 | Direct CK Fee   | $0.00       | $0.00       | $71,502.75  |
| 07/06/2006 | 07/06/2006 | $15.00      | 08087 | Direct CK Pymnt | $0.00       | $0.00       | $71,502.75  |
| 07/06/2006 | 07/06/2006 | $2,578.58   | 08080 | Payment         | $1,639.06   | $939.52     | $69,863.69  |
| 08/15/2006 | 08/30/2006 | $595.00     | 08089 | Pri Payment     | $595.00     | $0.00       | $69,268.69  |
| 09/06/2006 | 09/06/2006 | $14.00      | 07011 | Direct CK Fee   | $0.00       | $0.00       | $69,268.69  |
| 09/06/2006 | 09/06/2006 | $14.00      | 08087 | Direct CK Pymnt | $0.00       | $0.00       | $69,268.69  |
| 09/06/2006 | 09/06/2006 | $2,578.58   | 08080 | Payment         | $1,288.96   | $1,289.62   | $67,979.73  |
| 11/13/2006 | 11/13/2006 | $1,290.00   | 08080 | Payment         | $0.00       | $1,290.00   | $67,979.73  |
| 12/04/2006 | 12/05/2006 | $1,290.00   | 08080 | Payment         | $773.23     | $516.77     | $67,206.50  |
| 01/18/2007 | 01/18/2007 | $64.43      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 02/20/2007 | 02/20/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 02/21/2007 | 02/21/2007 | $15.00      | 07011 | Direct CK Fee   | $0.00       | $0.00       | $67,206.50  |
| 02/21/2007 | 02/21/2007 | $15.00      | 08087 | Direct CK Pymnt | $0.00       | $0.00       | $67,206.50  |
| 02/21/2007 | 02/21/2007 | $1,289.29   | 08080 | Payment         | $0.00       | $1,289.29   | $67,206.50  |
| 03/19/2007 | 03/19/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 04/18/2007 | 04/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 05/18/2007 | 05/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 05/30/2007 | 05/30/2007 | $1,500.00   | 08080 | Payment         | $0.00       | $1,500.00   | $67,206.50  |
| 06/18/2007 | 06/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 07/18/2007 | 07/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $67,206.50  |
| 07/30/2007 | 07/31/2007 | $1,500.00   | 08080 | Payment         | $0.00       | $1,500.00   | $67,206.50  |
| 08/16/2007 | 08/17/2007 | $1,300.00   | 08080 | Payment         | $471.47     | $828.53     | $66,735.03  |
| 08/20/2007 | 08/20/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $66,735.03  |
| 09/18/2007 | 09/19/2007 | $1,800.00   | 08080 | Payment         | $1,142.34   | $657.66     | $65,592.69  |
| 09/18/2007 | 09/19/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,592.69  |
| 09/25/2007 | 09/26/2007 | $590.00     | 08080 | Payment         | $452.88     | $137.12     | $65,139.81  |
| 09/27/2007 | 09/27/2007 | $00.00      | 03035 | Extension       | $0.00       | $0.00       | $65,139.81  |
| 10/09/2007 | 10/09/2007 | $300.00     | 07011 | Repo Expense    | $0.00       | $0.00       | $65,139.81  |
| 10/18/2007 | 10/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 11/19/2007 | 11/19/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 12/18/2007 | 12/18/2007 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 12/22/2007 | 12/24/2007 | $1,260.00   | 08080 | Payment         | $0.00       | $1,260.00   | $65,139.81  |
| 01/18/2008 | 01/18/2008 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 02/19/2008 | 02/19/2008 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 02/29/2008 | 02/29/2008 | $1,300.00   | 08080 | Payment         | $0.00       | $1,300.00   | $65,139.81  |
| 03/18/2008 | 03/18/2008 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 04/18/2008 | 04/18/2008 | $64.46      | 07011 | Late Charge     | $0.00       | $0.00       | $65,139.81  |
| 04/30/2008 | 04/30/2008 | $65,139.81  | 07083 | Charge Off      | $65,139.81  | $0.00       | $0.00       |
| 04/30/2008 | 04/30/2008 | $300.00     | 08087 | Fee Split       | $0.00       | $0.00       | $0.00       |
| 04/30/2008 | 04/30/2008 | $1,031.33   | 08088 | Late Chg Paymnt | $0.00       | $0.00       | $0.00       |
| 04/30/2008 | 04/30/2008 | $607.34     | 08080 | Payment         | $0.00       | $607.34     | $0.00       |

ARTER, PORTIA G                    106 144 14 4918 09

| Eff. Date | Post Date | Amount | Code | Description | Principal | Interest | Balance |
|-----------|-----------|--------|------|-------------|-----------|----------|---------|

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number: _____ Contract Number: _____

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| PORTIA G CARTER<br>3102 24TH AVE S<br>SEATTLE WA 98144 | SOUND FORD, INC<br>750 RAINIER AVE S<br>RENTON WA 98055 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below as explained in section 1 on the back. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2003 | MERCEDES-SL500 | 47135 | WDBSK75F23F011087 | ☒ personal, family or household<br>☐ business<br>☐ agriculture |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 10.90 % | $29061.87 | $71502.75 | $100564.62 | $100564.62 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 78 | 1285.29 | Monthly beginning 07/07/2006 |

Or As Follows: _____

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $5 or 5% of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Sale Price
   - Vehicle Cash Price $59679.77
   - Other $N/A
   - Sales Tax $5430.86
   - Dealer Documentary Service Fee (Documentary fees are not required) $35.00
   - (by the state of Washington)
   - Total Cash Sale Price $65145.63 (A)
2. Total Downpayment =
   - Trade-in (Year) (Make) (Model)
   - Gross Trade-in Allowance $N/A
   - Less Payoff Made By Seller $N/A
   - Equals Net Trade In $N/A
   - + Cash $N/A
   - + Other N/A $N/A
   - (If total downpayment is negative, enter "0" and see 4I below) $N/A (B)
3. Unpaid Balance of Cash Price (1 minus 2) $65145.63 (C)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      - Life $N/A
      - Disability $N/A  $N/A
   B. Other Insurance Paid to Insurance Company or Companies
      - Total Insurance Paid to Insurance Companies $N/A
   C. Official Fees Paid to Government Agencies
      - To N/A for N/A $N/A
      - To N/A for N/A $N/A  $N/A
   D. Government Taxes Not Included in Cash Price $N/A
   E. Government License and/or Registration Fees
      $525.00  $N/A
   F. Government Certificate of Title Fees
      $525.00  $525.00
      Total Official Fees Paid to Government Agencies
   G. Other Charges (Seller must identify who is paid and describe purpose)
      - to RYAN AMS for N/A $N/A
      - to N/A for N/A $595.00
      - to N/A for N/A $N/A
      - to RYAN AMS for SERVICE CONT $4798.00
      - to RYAN AMS for VSC SLS TX 89.1 % $436.62
      - to SOUND FORD ADMIN FEE $2.50
      - to _____ for _____ $_____  $6357.12
   Total Other Charges and Amounts Paid to Others on Your Behalf  $71502.75 (D)
5. Amount Financed (3+4) $N/A

**OPTION:** ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before _____ Year _____ SELLER'S INITIALS _____

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

**NOTICE TO BUYER:** (a) Do not sign this contract before you read it or if any spaces intended for the agreed terms, except as to unavailable information, are blank. (b) You are entitled to a copy of this contract at the time you sign it. (c) You may at any time pay off the full unpaid balance due under this contract, and in doing so you may receive a partial rebate of the finance charge. (d) The finance charge does not exceed _____ % (must be filled in) per annum computed monthly.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 05/23/06  Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____

Seller SOUND FORD, INC  Date 05/23/06  By X _____ Title _____

Seller assigns its interest in this contract to JPMorgan Chase Bank (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☐ Assigned without recourse  ☐ Assigned with limited recourse

Seller _____ By _____ Title Finance

ORIGINAL LIENHOLDER

Form No. 553-WA

## 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Right to Refinance a Balloon Payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If this contract contains a balloon payment and you do not pay it, you have the right to obtain a new payment schedule. Unless you agree otherwise, the periodic payments under the new payment schedule will not be substantially greater than the earlier scheduled payments. This provision does not apply if you did not purchase this vehicle for personal, family, or household use. It also does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or the contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask you for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. WARNING: UNLESS YOU PROVIDE US WITH EVIDENCE OF THE PHYSICAL DAMAGE INSURANCE COVERAGE AS REQUIRED BY THIS CONTRACT, WE MAY (BUT ARE NOT REQUIRED) PURCHASE INSURANCE AT YOUR EXPENSE TO PROTECT OUR INTEREST. THIS INSURANCE MAY, BUT NEED NOT, ALSO PROTECT YOUR INTEREST. IF THE COLLATERAL BECOMES DAMAGED, THE COVERAGE WE PURCHASE MAY NOT PAY ANY CLAIM YOU MAKE OR ANY CLAIM MADE AGAINST YOU. YOU MAY LATER CANCEL THIS COVERAGE BY PROVIDING EVIDENCE THAT YOU HAVE OBTAINED PROPER COVERAGE ELSEWHERE. YOU ARE RESPONSIBLE FOR THE COST OF ANY INSURANCE PURCHASED BY US. THE COST OF THIS INSURANCE MAY BE ADDED TO YOUR AMOUNT FINANCED. IF THE COST IS ADDED TO THE AMOUNT FINANCED, THE ANNUAL PERCENTAGE RATE ON THIS CONTRACT WILL APPLY TO THIS ADDED AMOUNT. THE EFFECTIVE DATE OF COVERAGE MAY BE THE DATE YOUR PRIOR COVERAGE LAPSED OR ANOTHER DATE AFTER THAT DATE OF LAPSE. THE COVERAGE WE PURCHASE MAY BE CONSIDERABLY MORE EXPENSIVE THAN INSURANCE YOU CAN OBTAIN ON YOUR OWN AND MAY NOT SATISFY WASHINGTON'S MANDATORY LIABILITY INSURANCE LAWS. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It does not apply at all if you bought the vehicle primarily for personal, family, or household use.

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

## 5. Used Car Buyers Guide.
The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## 6. Applicable Law
Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-WA 2/05

In Re:
Portia G. Carter
1102 24th Ave. S.
Seattle, WA 98144

§
§
§
§
§
§
§
§
§

Chapter 7: Case # **09-14355** SJS

Debtor

## MOTION FOR PROTECTIVE ORDER

Portia Carter, Defendant, "Movant," requests this Court to enlarge the time for the Subpoena of Portia Carter.

On or about February 28, 2011 Stephen A. Bernheim sent to the Movant a Subpoena seeking the Movant present along with other documentation. On or about March 14, 2011.

Movant would show to the Court that the Movant will be out of town on March 14, 2011. Accordingly I will not be available for the Subpoena.

Movant should to be protected from Subpoena in this cause until such other time as agreed upon by the parties of as determined by Court so that I will be available in person for the deposition.

Movant respectfully prays that this Court enter an Order protecting me from having Subpoena until such time as I have returned from this trip and have returned to Seattle, Washington.

Respectfully submitted,

_____
Portia G. Carter / All Rights Reserved
1102 24th Ave. So.
Seattle, WA. 98144
206-941-8466

## CERTIFICATE OF CONFERENCE

Portia Carter has made a reasonable attempt to confer with counsel, on March 11, 2011, but has been unable to determine whether Stephen A. Bernheim opposes the relief sought in this motion.

Respectfully Submitted,

_____
Portia G. Carter / All Rights Reserved

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon: U. S. Trustee, (P.O. Box 2139, Memphis, TN 38101-2139), (Stephen A. Bernheim, 512 Bell Street, Edmonds, WA. 98020) ; this 11 day of March, 2011, by regular, postage pre-paid, U.S. Mail.

_____
Portia G. Carter / All Rights Reserved

## 15 DAY NOTICE

**PURSUANT TO WESTERN DISTRICT OF WASHINGTON LOCAL RULES OF BANKRUPTCY PROCEDURE RULE 9013-1 (F) (1)**

If the relief sought is opposed, a response must be filed with the Bankruptcy Clerk and served upon Debtors and or Attorney within fifteen (15) days of the date set forth in the Certificate of Service. The Court is authorized to grant the relief requested without further notice should a timely response not be filed.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br>Portia G. Carter<br>1102 24th Ave. S.<br>Seattle, WA 98144<br><br>§<br><br>Debtor | Chapter 7: Case **# 09-14355** SJS |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

On March _____, 2011 the court considered Portia Carter Motion for a Protective Order. After considering the motion, the court decided that the request should be **GRANTED**.

Signed.

_____   _____
Presiding Judge                                                     Date